# United States Bankruptcy Court
# District of Massachusetts

| | |
|---|---|
| In re | Chapter 7 |
| | Case No. 03-42245-HJB |
| LINDA MERRILL, | |
| Debtor. | |
| | |
| LINDA MERRILL, | Adversary Proceeding |
| | No. 04-4308 |
| Plaintiff, | |
| v. | |
| TEXAS GUARANTEED STUDENT LOAN CORPORATION, | |
| Defendant. | |

## MEMORANDUM OF DECISION

Before the Court are a "Motion for No Ex Parte Proceedings, etc." (the "Motion for No Ex Parte Proceedings") and a "Motion for Protective Order Regarding Ex Parte Proceedings" (the "Motion for Protective Order"), each filed by Linda Merrill (the "Debtor"), the plaintiff in this adversary proceeding and the debtor in the underlying bankruptcy case. The Court will deny each of the motions, but, inasmuch as the Debtor appears to profoundly misunderstand the import of this Court's actions to date, a more complete explanation is in order.

1

## **REASONING**

The Debtor filed a case under Chapter 7 of the Bankruptcy Code on April 18, 2003. The case proceeded unremarkably to closure on October 22, 2003, with the Chapter 7 trustee having reported no assets available for distribution and the Debtor having received a discharge of those debts dischargeable under 11 U.S.C. § 523. The Debtor's student loan obligations, however, were not discharged, as student loans are nondischargeable absent the filing of an adversary proceeding by the debtor and a demonstration that repayment of those loans would cause "undue hardship." See 11 U.S.C. § 523(a)(8). In February of 2004, the Debtor moved to reopen her case. The Court granted that request on March 3, 2004, and on March 4, 2004, the Debtor filed the instant adversary proceeding seeking a finding of undue hardship and an order discharging her student loans pursuant to § 523(a)(8).[1]

Each iteration of the Debtor's complaint has had a common theme. The Debtor claims to be a person of advanced age and limited skills who can not afford to repay over $200,000.00 of student loan debt owed to the Defendant – and never will. She supplied in the complaint a significant amount of information with respect to her background and claimed inability to pay, including the claim that, although she is a law school graduate, she has never passed a bar examination.

---

[1] It should be noted that the parties and pleadings have gone through a number of permutations. Texas Guaranteed Student Loan Corporation (the "Defendant"), the current holder of the loans, has been substituted for the original defendant, Sallie Mae Servicing Corporation. Further, the Debtor has twice amended her complaint. Those amendments have contributed to significant delays in moving the case forward.

2

On August 31, 2005, a pre-trial hearing was held – discovery was reported complete and the matter set for trial. However, in December of 2005, the Debtor filed a motion for summary judgment (the "Summary Judgment Motion"). The motion again extensively set forth the circumstances which the Debtor believed justified a finding that payment of the student loan debt would cause her "undue hardship." In support of the motion, the Debtor submitted an affidavit and a 30-page memorandum of law. The Debtor's affidavit does not reference the individual facts which she would have the Court find as a matter of law, but rather is a representation, under oath, that the exhibits attached to her motion and memorandum are authentic. The Defendant opposed the grant of summary judgment, and asked the Court to strike various exhibits as inadmissable. Even more important, the Defendant noted genuine issues of material fact that are in dispute.

A hearing on the Summary Judgment Motion was set for February 15, 2006. In preparation for the hearing on the motion, the Court reviewed the papers. The Court's review was informed by two key doctrines. First, as this Court has recently noted in <u>Hicks v. Educational Credit Management Corp. (In re Hicks)</u>:

> [T]his Court views the best approach [under § 523(a)(8)] as one that focuses on one simple question: Can the debtor now, and in the foreseeable future, maintain a reasonable, minimal standard of living for the debtor and the debtor's dependents and still afford to make payments on the debtor's student loans? In answering this question, the Court should consider all relevant evidence – the debtor's income and expenses, the debtor's health, age, education, number of dependents and other personal or family circumstances, the amount of the monthly payment required, the impact of the general discharge under chapter 7 and the debtor's ability to find a higher-paying job, move or cut living expenses. In addition, other factors not listed here may impact a particular debtor's case.

3

> This "laundry list" of considerations does not suggest that focusing on the totality of the circumstances is purely an ad hoc, willy-nilly approach to undue hardship under § 523(a)(8) . . . . It does reflect the fact that the lives of all debtors are complex and each individual case is entitled to be evaluated in its context.

31 B.R. 18, 31 (Bankr. D. Mass. 2005); see also Lorenz v. Am. Educ. Servs. (In re Lorenz), 2006 WL 231497 (1st Cir. BAP (Mass.) 2006); Gharavi v. U.S. Dept. of Educ. (In re Gharavi), 335 B.R. 492, 496-97 (Bankr. D. Mass. 2006).

Second is the well-settled law surrounding summary judgment:

> Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. Summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Collins v. Greater Atlantic Mortgage Corp., 334 B.R. 542, 547-548 (Bankr. D. Mass. 2006).

The Debtor bears the burden of proof on the issues elucidated in Hicks, and, after extensive review of the papers, the Court concluded that her affidavit was facially insufficient to show that there were no genuine issues of fact and that she was entitled to judgment as a matter of law. Judicial economy[2] suggested that the Court act quickly by denying the motion and resetting the matter for trial. Accordingly, on February 13, 2006, prior to the scheduled hearing, the Court endorsed the Debtor's Summary Judgment Motion as follows:

---

[2] Yes, the Court appreciates the irony.

4

After review of this motion and opposition filed thereto, the motion is DENIED. Movant failed to provide affidavit with sufficient facts to permit summary judgment. Furthermore, even if the facts set forth in movant's Memorandum were verified, there still remain genuine and substantial issues of material fact. The trial is rescheduled for May 19, 2006 at 9:30 a.m. in Springfield.

The instant motions followed. In her Motion for No Ex Parte Proceedings, the Debtor asks that the Court, "in the interest of fair play and good sportsmanship," conduct no *ex parte* proceedings, hearings, orders, injunctions, etc., because the Debtor might then lose important rights. In her Motion for Protective Order, the Debtor asks that the Court protect her (presumably from the Court) until the Motion for No Ex Parte Proceedings is disposed of. The Court has struggled to discern the meaning of these motions. Assuming that the impetus for the motions was this Court's denial of the Debtor's Summary Judgment Motion prior to the scheduled hearing, the following explanation is intended to clarify the Court's actions.

Black's Law Dictionary defines the term "*ex parte* proceeding" as follows: "A proceeding in which not all parties are present or given the opportunity to be heard." Black's Law Dictionary, Seventh Ed. If the Debtor attributes the same meaning to the term, the Court can assure her that no hearing has taken place at which she was not present or given the opportunity to be heard. The Court made its decision regarding the Summary Judgment Motion on the papers alone and, indeed, because the Debtor was the movant and bears the burden of proof, her papers were given considerably greater attention than that afforded the Defendant's submissions.[3]

---

[3] With regard to the possibility that this Court may, at some future date, be compelled to act in an *ex parte* manner, the Court notes that such circumstances are rare and contemplate extraordinary circumstances which are extremely unlikely to arise in the present case.

5

On the other hand, if the Debtor misunderstands the term "ex parte," and by using the term intends to decry the Court's failure to provide her with an in-court hearing at which she could orally support her motion, this Court notes its authority to cancel a hearing where the outcome is predetermined by the papers filed. The Local Rules provide, in relevant part:

> (e) The court may act upon a motion without a hearing under appropriate circumstances, including the following:
>
> . . .
>
> (2) [even] prior to the expiration of any applicable objection period, if the motion is:
>
> . . .
>
> > (C) a motion that is without merit in light of the law and the established facts of the case.

MLBR 9013-1(e).

Here, the Court decided that, all parties having weighed in on the issues, the papers filed by the Debtor were insufficient to carry her burden under Federal Rule of Bankruptcy Procedure 7056. Under the circumstances, the Court was not obliged to

---

Furthermore, Massachusetts Local Bankruptcy Rules (the "Local Rules" or "MLBR") 9013-1(i) binds all parties and the Court with regard to ex parte matters. Pursuant to the Local Rules:

> A motion seeking ex parte relief may be filed only in circumstances in which immediate action is required to maintain the status quo until an appropriate hearing on notice can be conducted. A motion for ex parte relief shall be verified or supported by an affidavit and shall set forth specific facts and circumstances necessitating ex parte relief. The motion shall include a statement as to why proceeding under this rule's procedures for expedited or emergency hearing is not practical. All orders or proposed orders providing ex parte relief shall include the finding that the relief requested could not be delayed and that affected parties may request a hearing on the subject matter addressed by the ex parte motion by filing a motion for review of the ex parte action within ten (10) days of service of the order for ex parte relief. The Court shall schedule a hearing on such a post-order motion, if appropriate, as soon as is practicable.

MLBR 9013-1(i).

6

conduct a hearing at which the only conceivable result would have been denial of the Summary Judgment Motion. The Court, therefore, looks forward to seeing the parties and evaluating their evidence at trial on May 19, 2006.[4]

## CONCLUSION

For the reasons stated above, the Court DENIES each of the instant motions. Separate orders will be entered simultaneously herewith.

DATED:     February 17, 2006

_____
Henry J. Boroff
United States Bankruptcy Judge

---

[4] The Court respectfully recommends that the Debtor secure counsel to the extent that she is financially able to do so – a recommendation that this Court imparts to all *pro se* debtors, including those with legal training.